# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>BAYTREE PHARMACY LLC; MATTHEW PAULSON; VALENTINE HOLDINGS, LLC; DOW JONES; ALLIANCE HEALTH NETWORK, LLC d/b/a ALLIANCE HEALTH; and NEW LIFE PHARMACY, LLC.<br><br>    Defendants. | **ORDER RE: CAPTION AND PSEUDONYM<br>AND<br>DIRECTING THAT DEFENDANTS BE SERVED**<br><br>Case No. 2:15-cv-127-CW-DBP<br>Consolidated with: Case No. 2:17-cv-99<br><br>Judge Clark Waddoups<br>Chief Magistrate Judge Dustin B. Pead |

This consolidated case has been captioned *United States of America ex rel. Chad Gubler v. Medsource Incorporated, et al.*, 2:15-cv-127 (D. Utah). The case was consolidated with three other cases that alleged various pharmacies and/or individuals engaged in false prescription practices in violation of the False Claims Act. As of February 19, 2021, all such claims have been dismissed without prejudice. *See* Order, at 2 (ECF No. 93).[1] The only claims remaining are those of Jane Doe for wrongful termination and retaliation. *See id*. For clarity of the record, the caption should now state only the remaining parties at issue, as reflected in the caption above.

---

[1] Consolidated Plaintiff/Relator SDRP, LLC voluntarily dismissed its action without prejudice on or about August 6, 2019. *See* Order (ECF No. 66). The February 19, 2021 Order pertained to the three remaining Relators.

## I. PSEUDONYMS MAY BE USED ONLY UNDER LIMITED SITUATIONS

With the re-captioning, an issue exists about whether the caption should continue referring to the remaining plaintiff by a pseudonym. "Proceeding under a pseudonym in federal courts is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotations and citation omitted). "The Federal Rules . . . make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (citation omitted). As has been explained:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that the plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Pseudonyms also have "'not been permitted when only the plaintiff's economic or professional concerns are involved.'" *M.M. v. Zavaras*, 139 F.3d 798, 801 (10th Cir. 1998) (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch.*, 886 F.2d at 1245).

Due to their nature, *qui tam* claims are sealed while the United States determines if it will intervene. Ms. Doe was permitted to proceed under a pseudonym while the court addressed issues pertaining to the *qui tam* claims. Although Ms. Doe's wrongful termination and retaliation claims share various facts with the *qui tam* claims, the remaining claims do not appear to meet the criteria for Ms. Doe to proceed anonymously. Accordingly, unless Ms. Doe files an objection **on or before**

**April 19, 2023**, that states permissible grounds for maintaining this suit under a pseudonym, the court will direct the Clerk of Court to re-caption the case with the plaintiff's real name.

II. **SERVICE OF PROCESS**

Ms. Doe has recently informed the court that she intends to proceed *pro se* on her remaining claims. Correspondence, at 1 (ECF No. 144). Per Local Rule DUCivR 83-1.7, Ms. Doe must comply with all Federal and Local Rules of Civil Procedure, which rules may be found on the District Court's website at: https://www.utd.uscourts.gov/rules-practice. Rule 4 of the Federal Rules of Civil Procedures requires serving a summons and the complaint on the defendants, and the rule states the procedures for doing so. The court orders Ms. Doe to complete service of process on the defendants **on or before July 7, 2023**.

III. **REFERRAL TO A MAGISTRATE JUDGE**

Chief Magistrate Judge Pead presently is assigned to handle procedural matters on this case. When a party proceeds *pro se*, however, the court typically refers the case to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, to handle all proceedings up through a Report and Recommendation to a district judge. Because Ms. Doe is proceeding *pro se* now, the court informs Ms. Doe that the referral to Judge Pead will be changed, such that he will handle all proceedings up through a Report and Recommendation to this District Judge. In other words, Ms. Doe will now appear in front of Judge Pead rather than Judge Waddoups for most proceedings. The referral will be changed through a separate order entered concurrent with this Order.

DATED this 6th day of April, 2023.

BY THE COURT:

Clark Waddoups
United States District Judge